**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 29 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEFFREY PAYNE, | No. 22-35506 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-05950-RJB |
| v. | |
| DEPARTMENT OF SOCIAL AND HEALTH SERVICES, a subdivision of the State of Washington; SPECIAL COMMITMENT CENTER, an agency of DSHS; HENRY RICHARDS; WILLIAM VAN HOOK; SJAN TALBOT; DAVID FLYNN, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted March 26, 2024[**]

Before:     TASHIMA, SILVERMAN, and KOH, Circuit Judges.

Civil detainee Jeffrey Payne appeals pro se from the district court's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

summary judgment in his 42 U.S.C. § 1983 action alleging an equal protection claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's ruling on cross-motions for summary judgment. *Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016). We affirm.

The district court properly granted summary judgment for defendants because Payne failed to raise a genuine dispute of material fact as to whether civil detainees housed in a total confinement facility, like Payne, were similarly situated to civil detainees housed in transitional facilities. *See Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (setting forth elements of a class-based discrimination equal protection claim).

Contrary to Payne's contention, the district court did not err in allowing defendants to clarify the signatory of the DeVos declaration following Payne's objection to the magistrate judge's recommendation. *See* Fed. R. Civ. P. 72(b)(3) (requiring the district judge to "determine de novo any part of the magistrate judge's disposition that has been properly objected to" and allowing the district judge to "receive further evidence").

We reject as unsupported by the record Payne's contention that the district court provided him insufficient time to reply to defendants' response to the magistrate judge's report and recommendation.

**AFFIRMED.**